FILED

2016 DEC 16 PM 3: 14

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:16-cv-2166-ORL-22TBS

PERRIAL NELSON,

    Plaintiff,

v.

STELLAR RECOVERY, INC.,

    Defendant.

_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff, Perrial Nelson ("Plaintiff"), alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559 *et seq.* ("FCCPA") against Defendant, Stellar Recovery, Inc. ("Defendant").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff is a natural person, and at the time of the alleged violations, was a citizen of the State of Florida, residing in Orange County, Florida.

4. Plaintiff is a "consumer" as defined by the FDCPA and FCCPA.

5. Defendant is a corporation and citizen of the State of Florida with its principal place of business at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216 and whose registered agent for service of process is Brant, Reiter, McCormick & Johnson, P.A., 135 West Bay Street, Suite 400 – 4th Floor, Jacksonville, FL 32202.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff a consumer debt arising from transactions incurred for personal, family or household purposes. Specifically, Defendant attempted to collect a consumer debt regarding an account with Comcast.

11. In or about July of 2016, Defendant began calling Plaintiff's cellular telephone seeking to collect the aforementioned consumer debt.

12. On several occasions thereafter, Plaintiff requested that Defendant cease calling his cellular telephone; however, Defendant continued its calling campaign of two to three calls per day.

13. On or about November 7, 2016 Plaintiff sent Defendant a certified letter disputing the debt and requesting that all communication be done in writing via regular mail. (Attached as Exhibit 'A').

14. Defendant received and signed for the certified letter on or about November 9, 2016. (Attached as Exhibit 'B').

15. Plaintiff continued to receive calls to his cellular telephone from Defendant after Defendant received and signed for the certified letter.

16. As a result of the constant calling campaign by Defendant, Plaintiff sought medical attention at Orlando Regional Hospital for stress, anxiety and sleeplessness.

17. Any potential bona fide error defense, which relies upon Defendant's mistaken interpretation of the legal duties imposed upon him by the FDCPA and or the FCCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 2010).

## COUNT I
### (Violation of 15 U.S.C. § 1692d)

18. Plaintiff incorporates paragraphs 1 through 17 herein.

19. Defendant placed calls to Plaintiff's cellular telephone the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged consumer debt. Further, Defendant caused Plaintiff's cellular telephone to ring repeatedly with the intent to annoy, abuse or harass; hence, Defendant has violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).

20. Specifically, Defendant called Plaintiff's cellular telephone two to three times per day and on back-to-back days after Plaintiff requested that the calls cease, in violation of 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT II
### (Violation of 15 U.S.C. § 1692c)

21. Plaintiff incorporates paragraphs 1 through 17 herein.

22. Pursuant to 15 U.S.C. § 1692c(c) of the Fair Debt Collection Practices Act, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."

23. Plaintiff's certified letter sent on November 7, 2016 clearly indicates that he disputes the consumer debt at issue and that all communication should only be done via regular mail.

24. By calling Plaintiff's cellular telephone after receiving the certified letter requesting that all communication be done in writing, Defendant violated 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT III
### (Violation of Fla. Stat. §559.72)

25. Plaintiff incorporates paragraphs 1 through 17 herein.

26. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

27. Defendant engaged in an act or omission prohibited under Florida Statute §559.72(7), by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

28. Specifically, Defendant called Plaintiff's cellular telephone two to three times per

day and on back-to-back days after Plaintiff requested that the calls cease in violation of Florida Statute § 559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, punitive damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*